UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN SOLOMON, #301631,

      Plaintiff,

v.                                  CASE NO. 2:13-CV-13666

OLIVETTE PRODUCTS, LLC, et al.,

      Defendants.
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING CIVIL COMPLAINT**

### I. Introduction

The court has before it Plaintiff Martin Solomon's *pro se* civil complaint filed as a diversity action, as well as his application to proceed without prepayment of fees and costs so that he may proceed without prepayment of the $350.00 filing fee and $50.00 administrative fee for this action. *See* 28 U.S.C. § 1915(a)(1). Plaintiff is a state prisoner and the actions giving rise to the complaint occurred while he was confined at the Saginaw Correctional Facility in Freeland, Michigan. He alleges that when he began to eat from a bag of corn chips made/sold by the defendants he bit a metal screw which caused injury to his mouth and gums. Plaintiff names Olivette Products, LLC, a Missouri company, and an unknown manufacturer of Cactus Annie's Hot and Spicy Corn Chips as the defendants in this action and seeks monetary damages. Having reviewed the matter, the court denies Plaintiff's application to proceed without

prepayment of fees and costs and dismisses his complaint pursuant to 28 U.S.C. § 1915(g).

## II. Discussion

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides in part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Solomon v. Macomb Co. Corp., et al.,* No. 2:12-CV-14537 (E.D. Mich. Dec. 13, 2012); *Solomon v. Berghuis, et al.,* No. 2:12-CV-12049 (E.D. Mich. July 30, 2012); *Solomon v. Wayne Co. Corp.*, No. 2:11-CV-12330 (E.D. Mich. June 10, 2011). Consequently, Plaintiff is a

"three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists when the complaint is filed. See *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). The events giving rise to Plaintiff's complaint do not meet this standard. Plaintiff has thus failed to show that he falls within the exception to the three strikes rule.

### III. Conclusion

Based upon the foregoing discussion, the court concludes that Plaintiff has filed at least three previous lawsuits in federal court which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and that he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). The court further concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly,

IT IS ORDERED that Plaintiff's application to proceed without prepayment of fees and costs [Dkt. #2] is DENIED and that his civil complaint [Dkt. #1] is DISMISSED pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a

new complaint with payment of the $350.00 filing fee and $50.00 administrative fee.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 17, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2013, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522